UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
ENRIQUE GUAJARDO LOPEZ, )
  a/k/a "Kiki," a/k/a "Kike," )
JOSE ANTONIO ACOSTA HERNANDEZ, )
  a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," )
  a/k/a "Bablazo," )
EDUARDO RAVELO, )
  a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas," )
  a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," )
  a/k/a "Boards," a/k/a "56," )
LUIS MENDEZ, )
  a/k/a "Alex," a/k/a "58," )
ARTURO GALLEGOS CASTRELLON, )
  a/k/a "Benny," a/k/a "Farmero," a/k/a "51," )
  a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," )
  a/k/a "86," )
RICARDO VALLES DE LA ROSA, )
  a/k/a "Chino," a/k/a "Come Arroz," )
  a/k/a "99," )
ALBERTO NUNEZ PAYAN, )
  a/k/a "Fresa," a/k/a "Fresco," a/k/a "97," )
JOSE GUADALUPE DIAZ DIAZ, )
  a/k/a "Zorro," a/k/a "79," a/k/a "80," )
MARTIN PEREZ MARRUFO, )
  a/k/a "Popeye," a/k/a "89," )
LUIS HUMBERTO HERNANDEZ CELIS, )
  a/k/a "Pac," a/k/a "Pacman," a/k/a "84," )
  ███████████████ )
)
JOEL ABRAHAM CAUDILLO, )
HECTOR GALINDO, )
  a/k/a "Silent," )
RAMON RENTERIA, )
  a/k/a "Spook," a/k/a "Spooky," )
ROBERTO ANGEL CARDONA, )
  a/k/a "Little Angelillo," )
MANNY LOPEZ, )
  a/k/a "Manolin," a/k/a "Manny," )
OMAR LOPEZ, )
  a/k/a "Pee Wee," )

**S E A L E D**
**THIRD SUPERSEDING**
**INDICTMENT**

CRIMINAL NO. EP10CR2213

<u>CT 1</u>: 18 U.S.C. § 1962(d); Conspiracy
to Conduct the Affairs of an Enterprise
through a Pattern of Racketeering
Activity.
 <u>CT 2</u>: 21 U.S.C. § 846; Conspiracy to
Distribute and Possess with the Intent to
Distribute Controlled Substances.
<u>CT 3</u>: 21 U.S.C. § 963; Conspiracy to
Import Controlled Substances.
<u>CT 4</u>: 18 U.S.C. § 1956(h); Conspiracy
to Launder Monetary Instruments.
<u>CT 5</u>: 18 U.S.C. § 956(a)(1); Conspiracy
to Kill Persons in a Foreign Country.
<u>CT 6-8</u>: 18 U.S.C. § 924(c) & (j);
Murder Resulting from the Use and
Carrying of a Firearm During and in
Relation to Crimes of Violence and Drug
Trafficking.
<u>CTS 9-11</u>: 18 U.S.C. § 1959(a)(1);
Murder in Aid of Racketeering Activity.
<u>CTS 12</u>: 18 U.S.C. § 1512(c)(1);
Obstruction of Justice.

JESUS ESPINO,                                          )
DAVID CONDE,                                           )
  a/k/a "Chucky,"                            )
JORGE DIAZ,                                            )
  a/k/a "Payaso," a/k/a "Narizon,"           )
YOLANDA BARBA CHAVIRA,                                 )
  a/k/a "Yoli,"                              )
DESIREE GAMBOA CARDONA,                                )
APRIL CARDOZA,                                         )
FABIAN RODRIGUEZ,                                      )
  a/k/a "Shamu," a/k/a "Shamoo,"             )
TOMAS ROBERTS,                                         )
  a/k/a "Taz,"                               )
DELIA CERVANTES,                                       )
  a/k/a "Guera,"                             )
RIGOBERTO FRAGOSO,                                     )
  a/k/a "Rigo,"  a/k/a "Peluco,"            )
ADAM GARCIA,                                           )
  a/k/a "Bad Boy,"                           )
ALBERT MENDOZA,                                        )
  a/k/a "Igor,"                              )
CARLOS PEREZ,                                          )
  a/k/a "Bandit,"                            )
RICARDO GONZALES,                                      )
  a/k/a "Cuate,"                             )
ANGEL RENTERIA,                                        )
  a/k/a "Primo,"                             )
LORENZO ESPINO,                                        )
  a/k/a "Lencho," a/k/a "Oso,"              )
SANTIAGO LUCERO,                                       )
  a/k/a "Sonny," and                        )
JUAN MANUEL VISCAINO AMARO,                            )
  a/k/a "Porky,"                             )
                                                       )
    Defendants.                    )

## INTRODUCTION

### THE RACKETEERING ENTERPRISE
### The "Barrio Azteca" Enterprise

The Grand Jury charges:

1.      At all times relevant to this Third Superseding Indictment, in the Western District

of Texas and elsewhere, the defendants,

ENRIQUE GUAJARDO LOPEZ,
a/k/a "Kiki," a/k/a "Kike,"
JOSE ANTONIO ACOSTA HERNANDEZ,
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez,"
a/k/a "Bablazo,"
EDUARDO RAVELO,
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
LUIS MENDEZ,
a/k/a "Alex," a/k/a "58,"
ARTURO GALLEGOS CASTRELLON,
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
RICARDO VALLES DE LA ROSA,
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
ALBERTO NUNEZ PAYAN,
a/k/a "Fresa," a/k/a "Fresco," a/k/a "97,"
JOSE GUADALUPE DIAZ DIAZ,
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
MARTIN PEREZ MARRUFO,
a/k/a "Popeye," a/k/a "89,"
LUIS HUMBERTO HERNANDEZ CELIS,
a/k/a "Pac," a/k/a "Pacman," a/k/a "84,"
████████████

JOEL ABRAHAM CAUDILLO,
HECTOR GALINDO,
a/k/a "Silent,"
RAMON RENTERIA,
a/k/a "Spook," a/ka "Spooky,"
ROBERTO ANGEL CARDONA,
a/k/a "Little Angelillo,"
MANNY LOPEZ,
a/k/a "Manolin," a/ka "Manny,"
OMAR LOPEZ,

3

a/k/a "Pee Wee,"
JESUS ESPINO,
DAVID CONDE,
a/k/a "Chucky,"
JORGE DIAZ,
a/k/a "Payaso," a/k/a "Narizon,"
APRIL CARDOZA,
FABIAN RODRIGUEZ,
a/k/a "Shamu," a/k/a "Shamoo,"
TOMAS ROBERTS,
a/k/a "Taz,"
RIGOBERTO FRAGOSO,
a/k/a "Rigo," a/k/a "Peluco,"
ADAM GARCIA,
a/k/a "Bad Boy,"
ALBERT MENDOZA,
a/k/a "Igor,"
CARLOS PEREZ,
a/k/a "Bandit,"
RICARDO GONZALES,
a/k/a "Cuate"
ANGEL RENTERIA,
a/k/a "Primo,"
LORENZO ESPINO,
a/k/a "Lencho," a/k/a "Oso,"
SANTIAGO LUCERO,
a/k/a "Sonny," and
JUAN MANUEL VISCAINO AMARO,
a/k/a "Porky,"

and others known and unknown were members and associates of a criminal organization

engaged in murder, attempted murder, conspiracy to commit murder, extortion, money

laundering, importation of controlled substances, and distribution of controlled substances and

possession with the intent to distribute controlled substances. At all relevant times, this

organization has operated in the Western District of Texas and elsewhere, and has been and is

known as the Barrio Azteca(s) and will be referred to hereinafter in this Third Superseding

indictment as the "Barrio Azteca" or "BA." The BA, including its leadership, membership, and

associates constituted an "enterprise," as defined by Title 18, United States Code, Section

1961(4) (hereinafter "the enterprise"), that is to say, a group of individuals associated in fact. The enterprise was engaged in and its activities affected interstate and foreign commerce, and constituted an ongoing organization. The BA criminal enterprise is an illegal association in fact entity. The BA, also known as "Familia Azteca," was formed in 1986 by inmates located primarily in the Texas Department of Criminal Justice (TDCJ) prison system. The purpose of the BA was to unite inmates that were native to the El Paso, Texas, and West Texas area. The original members of the BA created a charter or rules, also known as "sacred rules," which set out a command structure, or hierarchy of ranks and their authority. These rules provide for a mechanism for promotion, demotion, and replacement of ranking members within the BA. The BA leadership ranks are the following: the Capo Mayor, Captains, Lieutenants, Sergeants, and Soldiers, also known as "indios." It is the responsibility of the soldier to carry out the orders of the ranking membership. BA members refer to one another as "carnal." A person wishing to join the BA is called a "prospecto" or "esquina."

## Purposes of the Enterprise

2.      The purposes of the enterprise included the following:

      a.      Enriching the members and associates of the enterprise through, among other things, murder, assault, extortion, money laundering, and distribution of narcotics;

      b.      Preserving and protecting the power, territory, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

      c.      Promoting and enhancing the enterprise and its members' and associates' activities; and

      d.      Keeping victims and others in fear of the enterprise and in fear of its members and associates through violence and threats of violence.

3.      The BA has expanded its sphere of influence to include the TDCJ, the Federal Bureau of Prisons (BOP), and various cities in West Texas and Ciudad Juarez, Chihuahua, Mexico. The BA has also entered into an alliance with the Vicente Carrillo-Fuentes drug trafficking organization (VCFDTO) in Ciudad Juarez, Chihuahua, Mexico. As part of this alliance, BA members import, export, and transport controlled substances, as well as conduct enforcement operations, for the VCFDTO. The VCFDTO in exchange pays the BA for these services, or provides the BA with controlled substances at discount prices. The BA has further subdivided its enterprise and developed geographical groups to better serve the criminal aims of the organization. These groups include, but are not limited to, the cities of Ciudad Juarez and Chihuahua City, Chihuahua, Mexico, and El Paso, Midland, and Odessa, Texas. Each of these geographical groups has some autonomy in deciding how it will achieve its criminal aims, but always within the framework and rules of the overarching BA criminal enterprise. The City of Ciudad Juarez, Chihuahua, Mexico, is further subdivided into difference sectors that include: Benito Juarez, Chihuahua, Delicias, Aldama, Zaragoza, and Babicora. The city of El Paso, Texas, is also subdivided into different subsections similar to the political subdivisions in the city, such as: Central, Northeast, Eastside, Lower Valley, Horizon, Socorro, and Westside. The Westside of El Paso also consists of areas of New Mexico, from Sunland Park through Las Cruces.

4.      In furtherance of the enterprise, BA members collect a street tax, also known as "cuota," "quota," "renta," or "taxes." The proceeds from the "cuota" are used to support members of the BA who are arrested, to pay for lawyers, bail bonds, fines, and any other fee associated with legal proceedings. The proceeds from the "cuota" are also used to purchase money orders, which are mailed through the United States Postal Service (USPS) to inmate

accounts.  The proceeds are also reinvested back into the BA enterprise activities for the purchase of assets, commodities, and other property that are related to the day-to-day function of the BA, including firearms, ammunition, and controlled substances.

### Manner and Means of the Conspiracy

### Rules

5.      The original BA members developed a vocabulary, sacred rules, and chain of command.  These rules direct BA members to be loyal, obey, protect, and serve the "family" as dictated by ranking members.  New members are introduced to these rules by their "Padrinos," or individuals who serve as mentors for the new prospects entering the criminal enterprise.  BA members are bound by a strict set of rules that ensure loyalty and participation in the enterprise's criminal activities.  The rules require that a member must continue his participation in the organization after being released from prison.  Membership is for life, and loyalty to the BA and its members take precedence over any other relationship.  A violation of the BA rules or orders may result in harsh penalties, including death.  An order to carry out a punishment involving assault or murder is commonly referred to as a "green light" or "X."  A "calentada" is a less severe form of punishment involving some lesser form of assault.  The strict rules and harsh discipline governing the BA help insure that members and associates will function as a continuing unit, despite any changes in leadership or membership.

6.      It is a common practice for some, but not necessarily all, BA members to have BA tattoos.  These tattoos commonly include the letters "B A" or "21" or the corresponding roman numeral "XXI," as a numerical representation of the letters "B" and "A."  Other tattoos include the numbers "915," a reference to the El Paso, Texas, area code, and "El Paso Texas."

Many BA members also obtain tattoos representing aspects of the ancient Aztec culture, such as Aztec warriors, calendars, and temples, among others.

7.    The BA rules provide that loyalty to the BA or "Familia" is paramount and superior to loyalties to God, country, family, or friends. All BA members are expected to know the rules of the BA and strictly abide by them. It is understood that BA members may be chosen to undertake a particular task, including murder and other criminal activity. The target of a particular order may be a fellow BA member, blood relative, friend, or other associate of the person who is given the order. Regardless of the intended victim, or possible consequences, an order must be carried out by the BA member chosen for the task. If the BA member does not carry out the task, typically referred to as a "jale" or job, he will be subject to disciplinary actions by the BA enterprise.

## Communications

8.    BA members who are incarcerated throughout the United States and Mexico continue to participate in the operations of the BA criminal enterprise from their prison cells by communicating through letters, telephone calls, and prison visits with other BA members and associates, friends, and family members. The BA leadership controls all BA members who are incarcerated in the United States and Mexico, as well as those BA members operating outside the prison system, which BA members and associates sometimes refer to as the "free world." The BA enterprise utilizes the USPS to send and receive letters between BA members who are in prison and those who are in the "free world." The BA membership mails its directives using U.S. and Mexican postal services. The letters written by BA members are written in English, Spanish, or a combination of the two languages. These letters are sometimes called "kites" or "whilas." BA members will often utilize an individual as a conduit to receive or send letters

from another BA member or associate.  These conduits are called "bridges."  The conduits will

sometimes use fictitious names and addresses ("bridge addresses") to send and receive letters

and money orders to BA members who are incarcerated.   The use of these conduits is intended

to prevent law enforcement from finding out the identities or source of the true correspondents

and the final destination of the letters.

      9.     BA members also use telephone communications to discuss BA enterprise affairs.

BA members who are incarcerated coordinate telephone calls with BA members and associates

to give out orders.  The BA enterprise uses intrastate, interstate, and foreign telephone

communication facilities to further the affairs of the BA enterprise.

      10.    Coded language is frequently utilized in written and oral BA communications, in

order to mislead law enforcement as to the true message contained in the communication.  The

BA will also change the code or create transaction-specific codes to thwart law enforcement.

Examples of BA coded language include "X'ed out" (former BA member), "green light"

(authorization to assault or murder), and "tienda" (couta paying associate).  A BA member who

has fallen out of favor might be referred to in the feminine tense or as an "X."  The BA will also

use pseudonyms or fictitious names and addresses in letters and during oral communications.

      11.    The BA holds meetings on a regular basis to discuss BA criminal enterprise

business.  These meetings typically call for the membership of a particular area or subdivision to

attend.  Some meetings will be attended by only key members.  The frequency of these meetings

is determined on an "as needed" basis.   A meeting may be held to read and explain a letter from

a captain giving the BA in the "free world" certain orders or directives.

## COUNT ONE
(RICO Conspiracy)
18 U.S.C. § 1962(d)

The Grand Jury further charges:

12.     The allegations set forth in Paragraphs 1 through 11 of this Third Superseding

Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

13.     Beginning on or about January 1, 2003, and continuing through and including on

or about the date of the return of this Third Superseding Indictment, both dates being

approximate and inclusive, within the Western District of Texas and elsewhere, the defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**ALBERTO NUNEZ PAYAN,**
a/k/a "Fresa," a/k/a "Fresco," a/k/a "97,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"

████████████████

**JOEL ABRAHAM CAUDILLO,**
**HECTOR GALINDO,**
a/k/a "Silent,"
**RAMON RENTERIA,**
a/k/a "Spook," a/k/a "Spooky,"

**ROBERTO ANGEL CARDONA,**
a/k/a "Little Angelillo,"
**MANNY LOPEZ,**
a/k/a "Manolin," a/k/a "Manny,"
**OMAR LOPEZ,**
a/k/a "Pee Wee,"
**JESUS ESPINO,**
**DAVID CONDE,**
a/k/a "Chucky,"
**JORGE DIAZ,**
a/k/a "Payaso," a/k/a "Narizon,"
**APRIL CARDOZA,**
**FABIAN RODRIGUEZ,**
a/k/a "Shamu," a/k/a "Shamoo,"
**TOMAS ROBERTS,**
a/k/a "Taz,"
**RIGOBERTO FRAGOSO,**
a/k/a "Rigo," a/k/a "Peluco,"
**ADAM GARCIA,**
**ALBERT MENDOZA,**
a/k/a "Igor,"
a/k/a "Bad Boy,"
**CARLOS PEREZ,**
a/k/a "Bandit,"
**RICARDO GONZALES,**
a/k/a "Cuate"
**ANGEL RENTERIA,**
a/k/a "Primo,"
**LORENZO ESPINO,**
a/k/a "Lencho," a/k/a "Oso,"
**SANTIAGO LUCERO,**
a/k/a "Sonny," and
**JUAN MANUEL VISCAINO AMARO,**
a/k/a "Porky,"

being persons employed by and associated with the Barrio Azteca enterprise, which engaged in,

and the activities of which affected, interstate and foreign commerce, knowingly combined,

conspired, confederated, and agreed together, and with others known and unknown to the Grand

Jury, to violate Title 18, United States Code, Section 1962(c), that is to say, to conduct and

participate, directly and indirectly, in the conduct of the affairs of that enterprise through a

pattern of racketeering activity, as that term is defined in Sections 1961(1) and 1961(5) of Title

11

18, United States Code, consisting of multiple acts indictable under the following provisions of

federal law:

    a.    21 U.S.C. §§ 841(a)(1), 846, 952 and 963 (involving trafficking and importation of narcotics and conspiracies to commit trafficking and importation of narcotics, including heroin, cocaine, and marijuana);

    b.    18 U.S.C. § 956(a)(1) (involving conspiracy to kill in a foreign country);

    c.    18 U.S.C. § 1512 (involving obstruction of justice);

    d.    18 U.S.C. § 1513 (involving retaliation against a person providing information to United States law enforcement);

    e.    18 U.S.C. § 1951 (a) (involving robbery and extortion); and

    f.    18 U.S.C. §§ 1956 (a)(1)(A)(i), (B)(i), (2)(A), (B)(i) and (h) (involving conspiracy to launder monetary instruments).

14.    It was further part of the conspiracy that the defendants agreed that a conspirator

would commit at least two acts of racketeering activity in the conduct of the affairs of the

enterprise.

### OVERT ACTS

15.    In furtherance of the conspiracy and as part of the manner and means of the

enterprise and to effect the objects thereof, at least one of the co-conspirators herein committed

one or more of the following overt acts, among others, in the Western District of Texas and

elsewhere:

a)    From on or about January 1, 2003, and continuing until the date of this Third

Superseding Indictment, BA members and associates known and unknown to the Grand Jury,

possessed with the intent to distribute heroin, cocaine, and marijuana.

b)      From on or about January 1, 2003, and continuing until the date of this Third Superseding Indictment, BA members and associates known and unknown to the Grand Jury, distributed heroin, cocaine, and marijuana.

c)      From on or about January 1, 2003, and continuing until the date of this Third Superseding Indictment, BA members and associates known and unknown to the Grand Jury, transported heroin, cocaine, and marijuana from Mexico into the Western District of Texas for distribution.

d)      From on or about January 1, 2003, and continuing until the date of this Third Superseding Indictment, BA members and associates known and unknown to the Grand Jury, caused money to be deposited into the commissary accounts of BA members known and unknown to the Grand Jury, who were incarcerated in prison facilities located in the United States.

e)      On or about December 6, 2003, a BA member, incarcerated in a U.S. federal prison facility, and a BA associate, both known to the Grand Jury, had a telephone conversation. The BA associate told the BA member that there were personnel changes in Ciudad Juarez, Chihuahua, Mexico. The BA associate stated that the new leadership in Ciudad Juarez, Chihuahua, Mexico, was providing money to be forwarded to prison commissary accounts located in the United States.

f)      On or about April 23, 2004, **ROBERTO ANGEL CARDONA, a/k/a "Little Angelillo,"** possessed approximately 1 ounce of heroin in El Paso, Texas.

g)      On or about July 28, 2004, during a telephone conversation between a BA member, incarcerated in a U.S. federal prison facility, and a BA associate known to the Grand Jury, the BA member stated that he was recently transferred to the Bureau of Prisons facility in

13

Pollock, Louisiana, with other BA members. The BA member gave to the BA associate his mailing address and instructed her to tell **EDUARDO RAVELO, a/k/a "Tablas," a/k/a Tablero, a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56,"** to send him money. The BA associate also to the told BA member that she also was trying to contact **RAVELO** to ask him for money to send to another BA member, known to the Grand Jury, who was incarcerated in a prison facility located within the United States.

      h)      On or about July 30, 2004, a BA associate and BA member, incarcerated in a U.S. federal prison facility, both known to the Grand Jury, had a telephone conversation. The BA member told the BA associate that he wrote a letter to **EDUARDO RAVELO, a/k/a "Tablas," a/k/a Tablero, a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56,"** but had not received a response in return. The BA member also told the BA associate that another BA member, known to the Grand Jury, was going to be transferred to a prison facility in Marion, Illinois.

      i)      On or about July 31, 2004, a BA associate and BA member, incarcerated in a U.S. federal prison facility, both known to the Grand Jury, had a telephone conversation. The BA associate told the BA Member that she met with **EDUARDO RAVELO, a/k/a "Tablas," a/k/a Tablero, a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56,"** and passed on the BA member's information to **RAVELO**, and that **RAVELO** was going to send the BA member some money. The BA member and associate discussed over the telephone an indictment containing references to "money orders." The BA associate told BA member that she talked to **RAVELO** about the references to money orders in the indictment. The BA member asked the BA associate to provide **RAVELO** with a copy of the indictment and discovery material. The BA member discussed over the telephone how the information

regarding cooperating persons was redacted to hide information relating to cooperating BA members. The BA member asked the BA associate if she passed on certain information to **RAVELO**, and whether his letter arrived. The BA member asked the BA associate to find out if money had been sent to him.

j)     On August 9, 2004, two BA members, one incarcerated in a U.S. federal prison facility and the other in Ciudad Juarez, Chihuahua, Mexico, both known to the Grand Jury, had two separate telephone conversations. During these telephone conversations, the BA members discussed drug trafficking problems and the need to restructure the BA leadership.

k)     In or about August 2005, BA members known and unknown to the Grand Jury, kidnapped a person in El Paso, Texas, and later transported him against his will to Ciudad Juarez, Chihuahua, Mexico.

l)     From in or about the late fall of 2005 and continuing until the date of this Third Superseding Indictment, **JOEL ABRAHAM CAUDILLO** and other BA members and associates received vehicles in Ciudad Juarez, Chihuahua, Mexico, that were registered and insured in the United States for purposes of stealing the vehicles and facilitating insurance fraud.

m)     From in or about the late fall of 2005 and continuing until the date of this Third Superseding Indictment, **JOEL ABRAHAM CAUDILLO** and other BA members and associates purchased guns and ammunition located in the Western District of Texas.

n)     From in or about the late fall of 2005 and continuing until the date of this Third Superseding Indictment, **JOEL ABRAHAM CAUDILLO** and other BA members and associates received guns and ammunition in Ciudad Juarez, Chihuahua, Mexico, from the Western District of Texas.

o)      On or about August 14, 2006, a BA member, incarcerated in a Texas state prison facility, known to the Grand Jury, mailed a letter addressed to "Sally Cardoza" – a bridge.  In the letter, the BA member asked why money had not been sent as previously directed.  The BA member also asked about a person who wanted to open a "tienda" without having to pay the "cuota."

p)      On or about September 15, 2006, a BA associate, known to the Grand Jury, possessed with the intent to distribute approximately 18 pounds of heroin, while traveling in a bus through Kansas City, Missouri, destined for New York, New York.

q)      On or about November 8, 2006, a BA member, known to the Grand Jury, delivered approximately 82.75 kilograms of cocaine, in El Paso, Texas.

r)      On or about December 6, 2006, a BA member killed Jose Luis Oviedo in El Paso, Texas, by shooting Jose Luis Oviedo with a gun.

s)      On or about March 26, 2007, a BA member, known to the Grand Jury, arrived in El Paso, Texas, from New York, New York, with $20,000.00 in U.S. currency concealed in luggage.

t)      On or about April 12, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 47 lbs. of marijuana with a male person.

u)      On or about April 13, 2007, two BA members, known to the Grand Jury, discussed over the telephone the sale/purchase of 10 kilograms of cocaine.

v)      On or about April 19, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 150 lbs. of marijuana with various persons.

w)      On or about May 8, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 3 kilograms of cocaine with an unidentified person.

x)      On or about May 14, 2007, BA members, known to the Grand Jury, discussed over the telephone the sale/purchase of 4 kilograms of cocaine.

y)      On or about May 15, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 1 kilogram of cocaine with an unidentified person.

z)      On or about May 25, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 1 kilogram of cocaine with an unidentified person.

aa)     On or about May 28, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of a kilogram of cocaine with an unidentified person.

bb)     On or about May 29, 2007, a BA member, known to the Grand Jury, discussed during a series of telephone calls the sale of 100 lbs. of marijuana with an unidentified person.

cc)     On or about May 30, 2007, a BA member, known to the Grand Jury, discussed over the telephone the sale/purchase of 2 kilograms of cocaine with an unidentified person.

dd)     In or about the summer of 2007, **ROBERTO ANGEL CARDONA, a/k/a "Little Angelillo,"** and other BA members known and unknown to the Grand Jury, kidnapped a person in El Paso, Texas, and later transported him against his will to Ciudad Juarez, Chihuahua, Mexico.

ee)     From at least 2007, and continuing until the date of this Third Superseding Indictment, **ENRIQUE GUAJARDO LOPEZ,  a/k/a "Kiki," a/k/a "Kike,"  JOSE ANTONIO ACOSTA HERNANDEZ,   a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero," a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56," LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a "Benny," a/k/a Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86," RICARDO**

VALLES DE LA ROSA, a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99," ALBERTO

NUNEZ PAYAN, a/k/a "Fresa," a/k/a "Fresco," a/k/a "97," JOSE GUADALUPE DIAZ

DIAZ, a/k/a "Zorro," a/k/a "79," a/k/a "80," MARTIN PEREZ MARRUFO, a/k/a

"Popeye," a/k/a "89," LUIS HUMBERTO HERNANDEZ CELIS, a/k/a "Pac," a/k/a

"Pak," a/k/a "Pacman," a/k/a "84," ███████████████████████

███████ and other BA members and associates monitored radios they used to conduct

criminal business.

      ff)     From at least 2007, and continuing until the date of this Third Superseding

Indictment, ENRIQUE GUAJARDO LOPEZ, a/k/a "Kiki," a/k/a "Kike," JOSE

ANTONIO ACOSTA HERNANDEZ,  a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a

"Bablazo," EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero," a/k/a "T-Blas," a/k/a

"2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56," LUIS MENDEZ,

a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a "Benny," a/k/a

Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86," RICARDO

VALLES DE LA ROSA, a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99," ALBERTO

NUNEZ PAYAN, a/k/a "Fresa," a/k/a "Fresco," a/k/a "97," JOSE GUADALUPE DIAZ

DIAZ, a/k/a "Zorro," a/k/a "79," a/k/a "80," MARTIN PEREZ MARRUFO, a/k/a

"Popeye," a/k/a "89," LUIS HUMBERTO HERNANDEZ CELIS, a/k/a "Pac," a/k/a

"Pak," a/k/a "Pacman," a/k/a "84," ███████████████████████

███████ and other BA members and associates used radios to communicate with others.

      gg)     On or about, January 30, 2008, a BA member, known to the Grand Jury, from the

Westside of El Paso distributed approximately 50 grams of heroin.

hh)    On or about, March 14, 2008, a BA member wrote to two other BA members, all known to the Grand Jury, a letter that ordered the killing of BA member David Merez, a/k/a "Chicho."

ii)    On or about March 28, 2008, persons unknown to the Grand Jury killed David Merez, a/k/a "Chicho," in Ciudad Juarez, Chihuahua, Mexico.

jj)    On or about, June 3, 2008, a BA member, known to the Grand Jury, from the Westside of El Paso distributed approximately 1 ounce of heroin.

kk)    On or about June 19, 2008, BA members, unknown to the Grand Jury, from the Westside of El Paso distributed approximately 166 grams of cocaine.

ll)    On or about, July 2, 2008, a BA member, known to the Grand Jury, from the Westside of El Paso distributed approximately two hundred and forty-nine grams of cocaine.

mm)    On or about July 2, 2009, four BA members, all known to the Grand Jury, caused two persons to be shot and killed at the A&M Bar in Socorro, Texas.

nn)    On or about September 18, 2009, **ADAM GARCIA, a/k/a "Bad Boy,"** possessed approximately 1 ounce of cocaine and approximately 1 ½ pounds of marijuana in El Paso, Texas.

oo)    On or about February 25, 2010, **TOMAS ROBERTS, a/k/a "Taz,"** and **FABIAN RODRIGUEZ, a/k/a "Shamu," a/k/a "Shamoo,"** distributed a ½ ounce of heroin and a ½ ounce of cocaine in El Paso, Texas.

pp)    From at least February 25, 2010, and continuing until the date of this Third Superseding Indictment, **HECTOR GALINDO, a/k/a "Silent," RAMON RENTERIA, a/k/a "Spook," a/k/a "Spooky," MANNY LOPEZ, a/k/a "Manolin," a/k/a "Manny," OMAR LOPEZ, a/k/a "Pee Wee," JESUS ESPINO, DAVID CONDE, a/k/a "Chucky," JORGE DIAZ, a/k/a "Payaso," a/k/a "Narizon," YOLANDA BARBA CHAVIRA, a/k/a "Yoli, "**

19

DESIREE GAMBOA CARDONA, FABIAN RODRIGUEZ, a/k/a "Shamu," a/k/a

"Shamoo," TOMAS ROBERTS, a/k/a "Taz," DELIA CERVANTES, a/k/a "Guera,"

RIGOBERTO FRAGOSO, a/k/a "Rigo," a/k/a "Peluco," ADAM GARCIA, a/k/a "Bad

Boy," ALBERT MENDOZA, a/k/a "Igor," CARLOS PEREZ, a/k/a "Bandit," RICARDO

GONZALES, a/k/a "Cuate," ANGEL RENTERIA, a/k/a "Primo," LORENZO ESPINO,

a/k/a "Lencho," a/k/a "Oso," SANTIAGO LUCERO, a/k/a "Sonny," and JUAN MANUEL

VISCAINO AMARO, a/k/a "Porky," and other BA members and associates used telephones to

facilitate the distribution of drugs, collection and distribution of drug proceeds and cuota, and

other criminal conduct in furtherance of the enterprise.

  qq)  On or about March 13, 2010, in Juarez, Mexico, **RICARDO VALLES DE LA**

**ROSA, a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"** called a person unknown to the Grand

Jury, in the Western District of Texas, and received verification of the description of a person

who was targeted to be murdered.

  rr)  On or about March 13, 2010, **ENRIQUE GUAJARDO LOPEZ, a/k/a "Kiki,"**

**a/k/a "Kike," JOSE ANTONIO ACOSTA HERNANDEZ, a/k/a "Diego," a/k/a**

**"Dienton," a/k/a "Diez," a/k/a "Bablazo," EDUARDO RAVELO, a/k/a "Tablas," a/k/a**

**Tablero," a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards,"**

**a/k/a "56," LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS**

**CASTRELLON, a/k/a "Benny," a/k/a Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas,"**

**a/k/a "Tury," a/k/a "86," RICARDO VALLES DE LA ROSA, a/k/a "Chino," a/k/a**

**"Come Arroz," a/k/a "99," JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro," a/k/a "79,"**

**a/k/a "80," MARTIN PEREZ MARRUFO, a/k/a "Popeye," a/k/a "89," LUIS**

**HUMBERTO HERNANDEZ CELIS, a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a**

"84," ████████████████████████████████ and other BA members
and associates directed others to the location of a person who was targeted to be murdered.

ss)    On or about March 13, 2010, **ENRIQUE GUAJARDO LOPEZ,  a/k/a "Kiki,"**
**a/k/a "Kike,"  JOSE ANTONIO ACOSTA HERNANDEZ, a/k/a "Diego," a/k/a "Dienton,"**
**a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero,"**
**a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56,"**
**LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a**
**"Benny," a/k/a  Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a**
**"86," RICARDO VALLES DE LA  ROSA,  a/k/a "Chino," a/k/a "Come Arroz," a/k/a**
**"99," JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro," a/k/a "79," a/k/a "80," MARTIN**
**PEREZ MARRUFO,  a/k/a "Popeye," a/k/a "89," LUIS HUMBERTO HERNANDEZ**
**CELIS, a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"** ████████████████
████████████████████████ and other BA members and associates, caused Leslie
Ann Enriquez Catton, an employee of the United States Consulate, to be shot and killed in
Ciudad Juarez, Chihuahua, Mexico.

tt)    On or about March 13, 2010, **ENRIQUE GUAJARDO LOPEZ,  a/k/a "Kiki,"**
**a/k/a "Kike,"  JOSE ANTONIO ACOSTA HERNANDEZ,  a/k/a "Diego," a/k/a**
**"Dienton," a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a**
**Tablero," a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards,"**
**a/k/a "56," LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS**
**CASTRELLON, a/k/a "Benny," a/k/a  Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas,"**
**a/k/a "Tury," a/k/a "86," RICARDO VALLES DE LA  ROSA,  a/k/a "Chino," a/k/a**
**"Come Arroz," a/k/a "99," JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro," a/k/a "79,"**

a/k/a "80," **MARTIN PEREZ MARRUFO,  a/k/a "Popeye," a/k/a "89," LUIS**

**HUMBERTO HERNANDEZ CELIS,  a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a**

**"84,"** ███████████████████████████████ and other BA members

and associates, caused Arthur Redelfs, the spouse of Leslie Ann Enriquez Catton, an employee

of the United States Consulate, to be shot and killed in Ciudad Juarez, Chihuahua, Mexico.

uu)    On or about March 13, 2010, **ENRIQUE GUAJARDO LOPEZ,  a/k/a "Kiki,"**

**a/k/a "Kike,"  JOSE ANTONIO ACOSTA HERNANDEZ, a/k/a "Diego," a/k/a "Dienton,"**

**a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero,"**

**a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56,"**

**LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a**

**"Benny," a/k/a  Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a**

**"86," RICARDO VALLES DE LA  ROSA,  a/k/a "Chino," a/k/a "Come Arroz," a/k/a**

**"99," JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro," a/k/a "79," a/k/a "80," MARTIN**

**PEREZ MARRUFO,  a/k/a "Popeye," a/k/a "89," LUIS HUMBERTO HERNANDEZ**

**CELIS,  a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"** ██████████████

██████████████████████ and other BA members and associates, caused Jorge

Alberto Salcido Ceniceros, the spouse of Hilda Edith Antillon Jimenez, an employee of the

United States Consulate, to be shot and killed in Ciudad Juarez, Chihuahua, Mexico.

vv)    On or about March 13, 2010, **JOEL ABRAHAM CAUDILLO** and others

attempted to destroy one of the vehicles used in the killing of Jorge Alberto Salcido Ceniceros.

ww)    On or about April 25, 2010, **ROBERTO ANGEL  CARDONA, a/k/a "Little**

**Angelillo,"** and another BA member, known to Grand Jury, caused 14 ounces of black tar heroin

to be delivered to the Montana Motel located at 4635 Montana Avenue, El Paso, Texas

xx)      On or about June 26, 2010, at approximately 6:19 p.m., **MANUEL LOPEZ,**

**a/k/a "Manolin," a/k/a "Manny,"** and another BA member incarcerated in a U.S. federal prison

facility, known to the Grand Jury, discussed over the telephone a lost heroin shipment.

yy)      On or about June 26, 2010, at approximately 10:49 a.m., **MANUEL LOPEZ,**

**a/k/a "Manolin," a/k/a "Manny,"** and **RAMON RENTERIA, a/k/a "Spook," a/k/a**

**"Spooky,"** while incarcerated in a U.S. federal prison facility, discussed over the telephone

redirecting a drug shipment.

zz)      On or about July 11, 2010, at approximately 11:17 a.m., **MANUEL LOPEZ,**

**a/k/a "Manolin," a/k/a "Manny,"** and another BA member incarcerated in a U.S. federal prison

facility, known to the Grand Jury, discussed over the telephone investigating other BA members

to determine whether they were cooperating with law enforcement.

aaa)      On or about July 21, 2010, at approximately 12:21 p.m., **MANUEL LOPEZ,**

**a/k/a "Manolin," a/k/a "Manny,"** and another BA member incarcerated in a U.S. federal prison

facility, known to the Grand Jury, discussed over the telephone sending a shipment of drugs from

Ciudad Juarez, Chihuahua, Mexico, to the United States.

bbb)      On or about July 21, 2010, at approximately 5:33 p.m., two BA members, one

incarcerated in a U.S. federal prison facility and the other located in Ciudad Juarez, Chihuahua,

Mexico, both known to the Grand Jury, had a telephone conversation. The BA member

incarcerated in a U.S. federal prison facility promoted the other BA member in Ciudad Juarez to

the rank of Lieutenant and directed that BA member to take over the "turf" controlled by a

deceased BA member, known to the Grand Jury.

ccc)      On or about July 21, 2010, at approximately 8:24 p.m., **MANUEL LOPEZ, a/k/a**

**"Manolin," a/k/a "Manny,"** and another BA member incarcerated in a U.S. federal prison

facility, known to the Grand Jury, discussed over the telephone a drug shipment destined for an address in Washington, D.C.

ddd)    On or about July 26, 2010, at approximately 2:58 p.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and **DESIREE GAMBOA CARDONA** discussed over the telephone money order receipts.

eee)    On or about July 27, 2010, at approximately 2:55 p.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** directed **JORGE DIAZ, a/k/a "Payaso,"** to find photographs of persons that cooperated with law enforcement.

fff)    On or about July 28, 2010, at approximately 7:52 p.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and another BA member incarcerated in a U.S. federal prison facility, known to the Grand Jury, discussed over the telephone a drug shipment destined for an address in Mount Ranier, Maryland.

ggg)    On or about July 29, 2010, at approximately 11:30 a.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and **JORGE DIAZ, a/k/a "Payaso,"** discussed over the telephone the collection of "couta" from the El Paso area.

hhh)    On or about July 30, 2010, at approximately 2:39 p.m., two BA members, one incarcerated in a U.S. federal prison facility and the other located in Ciudad Juarez, Chihuahua, Mexico, both known to the Grand Jury, had a telephone conversation. The incarcerated BA member directed the BA member in Ciudad Juarez to shoot another person because he was a problem. Both BA members also discussed shipping drugs from Ciudad Juarez to the United States.

iii)    On or about July 31, 2010, at approximately 10:06 a.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and **DAVID CONDE, a/k/a "Chucky,"** discussed over the telephone the "green lights" placed on four BA members.

jjj)    On or about August 5, 2010, at approximately 1:45 p.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and **DESIREE GAMBOA CARDONA** discussed over the telephone sending money to a prison facility.

kkk)    On or about August 6, 2010, at approximately 1:56 p.m., two BA members, one incarcerated in a U.S. federal prison facility and the other located in Ciudad Juarez, Chihuahua, Mexico, both known to the Grand Jury, had a telephone conversation. The BA members discussed how the money is made "south," but the power is in the United States.

lll)    On or about August 8, 2010, at approximately 2:08 p.m., **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** and **DAVID CONDE, a/k/a "Chucky,"** discussed over the telephone drugs and the "green lights" placed on four BA members.

mmm) On or about August 9, 2010, **RIGOBERTO FRAGOSO, a/k/a "Rigo," a/k/a "Peluco,"** possessed approximately 9 ounces of cocaine.

nnn)    On or about August 10, 2010, at approximately 3:39 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** had a telephone conversation to discuss a shipment of heroin to **GALINDO**.

ooo)    On or about August 12, 2010, BA members kidnapped the wife and parents of another BA member who they believed was cooperating with United States law enforcement.

ppp)    On or about August 12, 2010, BA members murdered the step-daughter of another BA member who they believed was cooperating with United States law enforcement.

qqq)    On or about August 17, 2010, **ADAM GARCIA, a/k/a "Bad Boy,"** possessed cocaine in El Paso, Texas.

rrr)    On or about August 18, 2010, **ADAM GARCIA, a/k/a "Bad Boy,"** discussed over the telephone with another person, known to the Grand Jury, that **GARCIA** was in possession of cocaine.

sss)    On or about August 20, 2010, a BA member, incarcerated in a Texas state prison facility, known to the Grand Jury, and **APRIL CARDOZA** met in the Texas state prison to discuss the activities of the enterprise. During this conversation, the BA member acknowledged receiving previous communications from **APRIL CARDOZA.**

ttt)    On or about August 27, 2010, at approximately 2:45 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **ALBERT MENDOZA, a/k/a "Igor,"** discussed over the telephone killing another person.

uuu)    On or about August 29, 2010, **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, possessed documents related to the enterprise.

vvv)    On or about September 25, 2010, at approximately 1:09 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **ALBERT MENDOZA, a/k/a "Igor,"** had a telephone conversation. **GALINDO** told **MENDOZA** that **RAMON RENTERIA, a/k/a "Spook," a/k/a "Spooky,"** was taking over El Paso.

www)    On or about October 5, 2010, at approximately 3:30 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and another BA member, known to the Grand Jury, had a telephone conversation. **GALINDO** told the BA member that **"Manny," "Pee Wee,"** and **"Spooky"** were in charge.

26

xxx)    On or about October 21, 2010, at approximately 1:57 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, **OMAR LOPEZ, a/k/a "Pee Wee,"** and **MANUEL LOPEZ, a/k/a "Manolin," a/k/a "Manny,"** discussed over the telephone sending money to **GALINDO**.

yyy)    On or about October 22, 2010, at approximately 3:28 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **OMAR LOPEZ, a/k/a "Pee Wee,"** discussed over the telephone money to be sent to the prison system.

zzz)    On or about October 22, 2010, at approximately 1:31 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **DAVID CONDE, a/k/a "Chucky,"** discussed over the telephone the quantities of drugs that were being distributed.

aaaa)    On or about October 26, 2010, at approximately 3:54 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **YOLANDA BARBA CHAVIRA, a/k/a "Yoli,"** discussed over the telephone the names of incarcerated BA members that would receive money.

bbbb)    On or about October 28, 2010, at approximately 2:53 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **YOLANDA BARBA CHAVIRA, a/k/a "Yoli,"** discussed over the telephone that she was in the process of purchasing money orders.

cccc)    On or about October 29, 2010, at approximately 4:03 p.m., **HECTOR GALINDO, a/k/a "Silent,"** incarcerated in a Texas state prison facility, and **YOLANDA BARBA CHAVIRA, a/k/a "Yoli,"** discussed over the telephone obtaining drugs from **"Narizon."**

dddd)  On or about October 29, 2010, **RICARDO GONZALEZ, a/k/a "Cuate,"** and **ANGEL RENTERIA, a/k/a "Primo,"** with the consent of **JESUS ESPINO**, confronted a drug dealer, known to the Grand Jury, for the purpose of establishing a new "tienda" in the Westside subsection of El Paso.

eeee)  On or about October 29, 2010, at approximately 8:36 p.m., **ANGEL RENTERIA, a/k/a "Primo,"** and **JESUS ESPINO** discussed over the telephone that **RENTERIA** was just arrested.

ffff)    On or about October 29, 2010, at approximately 8:42 p.m., **JESUS ESPINO** and **CARLOS PEREZ, a/k/a "Bandit,"** discussed over the telephone that **"Primo"** was arrested.

gggg)  On or about October 29, 2010, at approximately 9:23 p.m., **JESUS ESPINO** and **CARLOS PEREZ, a/k/a "Bandit,"** discussed the attempt extortion committed by **RICARDO GONZALEZ, a/k/a "Cuate,"** and **ANGEL RENTERIA, a/k/a "Primo."** Later during this conversation, **ESPINO** passed the telephone to **GONZALEZ** who discussed the attempt extortion with **PEREZ.**

hhhh)  On or about November 3, 2010, at approximately 6:51 p.m., **JESUS ESPINO** and **DELIA CERVANTES, a/k/a "Guera,"** discussed over the telephone for her to pick up heroin at his residence.

iiii)    On or about November 4, 2010, at approximately 7:20 p.m., **JESUS ESPINO** and **DELIA CERVANTES, a/k/a "Guera,"** discussed over the telephone the receipt of heroin.

jjjj)    On or about November 5, 2010, at approximately 12:48 p.m., **JESUS ESPINO** and **LORENZO ESPINO, a/k/a "Lencho," a/k/a "Oso,"** discussed over the telephone that **JESUS ESPINO** had more heroin to sell.

kkkk)  On or about November 9, 2010, **OMAR LOPEZ, a/k/a "Pee Wee,"** distributed approximately 1 ounce of heroin to **JUAN MANUEL VISCAINO AMARO, a/k/a "Porky,"** and **SANTIAGO LUCERO, a/k/a "Sonny."**

llll)    On or about November 9, 2010, at approximately 9:04 p.m., **JESUS ESPINO** and **CARLOS PEREZ, a/k/a "Bandit,"** discussed over the telephone that **PEREZ** delivered heroin to **DELIA CERVANTES, a/k/a "Guera."**  During the conversation, **PEREZ** passed the telephone to **CERVANTES** who confirmed receipt of the heroin.

mmmm)    On or about November 10, 2010, at approximately 8:02 p.m., **JESUS ESPINO** and **SANTIAGO LUCERO, a/k/a "Sonny,"** discussed over the telephone that **LUCERO** delivered heroin to **DELIA CERVANTES, a/k/a "Guera."**

nnnn)  On or about November 12, 2010, **JORGE DIAZ, a/k/a "Payaso,"** possessed approximately $21,279 in United States currency, money order receipts, Western Union wire transfer receipts, and other miscellaneous documents involving the enterprise.

oooo)  On or about November 15, 2010, at approximately 9:10 a.m., **JESUS ESPINO** and **LORENZO ESPINO, a/k/a "Lencho," a/k/a "Oso,"** discussed over the telephone that **JESUS ESPINO** had more heroin to sell.

pppp)  On or about November 23, 2010, **JESUS ESPINO** possessed a handgun, drug paraphernalia, and documentation involving the enterprise.

qqqq)  On or about December 16, 2010, **ALBERT MENDOZA, a/k/a "Igor,"** possessed a handgun in El Paso, Texas.

## NOTICE OF SPECIAL SENTENCING FACTORS

16.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the defendants, **ENRIQUE GUAJARDO LOPEZ,  a/k/a "Kiki," a/k/a "Kike,"  JOSE**

ANTONIO ACOSTA HERNANDEZ,   a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero," a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56," LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a "Benny," a/k/a Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86," RICARDO VALLES DE LA ROSA,  a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99," JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro," a/k/a "79," a/k/a "80," MARTIN PEREZ MARRUFO,  a/k/a "Popeye," a/k/a "89," LUIS HUMBERTO HERNANDEZ CELIS, a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84," ██████████████████
████████████████ knowingly conspired with others known and unknown to the Grand Jury, to commit at any place outside of the United States, namely, Mexico, an act that would constitute murder if committed in the special maritime and territorial jurisdiction of the United States and did commit an act within the jurisdiction of the United States to effect an object of that conspiracy, in violation of Title 18, United States Code, Section 956(a)(1).

17.     From on or about January 1, 2003, and continuing until the date of this Third Superseding Indictment, in the Western District of Texas and elsewhere, the defendants, ENRIQUE GUAJARDO LOPEZ, a/k/a "Kiki," a/k/a "Kike,"  JOSE ANTONIO ACOSTA HERNANDEZ, a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"  EDUARDO RAVELO, a/k/a "Tablas," a/k/a  Tablero," a/k/a "T-Blas," a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman," a/k/a "Boards," a/k/a "56," LUIS MENDEZ, a/k/a "Alex," a/k/a "58," ARTURO GALLEGOS CASTRELLON, a/k/a "Benny," a/k/a  Farmero," a/k/a "51," a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86," RICARDO VALLES DE LA  ROSA, a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99," ALBERTO NUNEZ PAYAN,  a/k/a

"Fresa," a/k/a "Fresco," a/k/a "97,"  JOSE GUADALUPE DIAZ DIAZ, a/k/a "Zorro,"

a/k/a "79," a/k/a "80," MARTIN PEREZ MARRUFO,  a/k/a "Popeye," a/k/a "89," LUIS

HUMBERTO HERNANDEZ CELIS,  a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a

"84," ██████████████████████████████████ JOEL ABRAHAM

CAUDILLO, HECTOR GALINDO, a/k/a "Silent," RAMON RENTERIA, a/k/a "Spook,"

a/k/a "Spooky," ROBERTO ANGEL CARDONA, a/k/a "Little Angelillo," MANNY

LOPEZ, a/k/a "Manolin," a/k/a "Manny," OMAR LOPEZ, a/k/a "Pee Wee," JESUS

ESPINO, DAVID CONDE, a/k/a "Chucky," JORGE DIAZ, a/k/a "Payaso," a/k/a

"Narizon," APRIL CARDOZA, FABIAN RODRIGUEZ, a/k/a "Shamu," a/k/a "Shamoo,"

TOMAS ROBERTS, a/k/a "Taz," RIGOBERTO FRAGOSO, a/k/a "Rigo," a/k/a "Peluco,"

ADAM GARCIA, a/k/a "Bad Boy," CARLOS PEREZ, a/k/a "Bandit," RICARDO

GONZALES, a/k/a "Cuate," ANGEL RENTERIA,  a/k/a "Primo," LORENZO ESPINO,

a/k/a "Lencho," a/k/a "Oso," SANTIAGO LUCERO, a/k/a "Sonny," and JUAN MANUEL

VISCAINO AMARO, a/k/a "Porky," conspired to distribute, possess with the intent to

distribute, and import into the United States, five kilograms or more of cocaine, one kilogram or

more of heroin, and one thousand kilograms or more of marijuana, in violation of Title 21,

United States Code, Sections 846, 841(a), and 841(b)(1)(A) and 963, 952, and 960(b)(1)(A), (B),

and (G).

   All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine and Marijuana)
21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(A)(i) and (ii) and (vii)

The Grand Jury further charges:

18.     Beginning on or about January 1, 2003, and continuing through and including on

or about the date of the return of this Third Superseding Indictment, both dates being

approximate and inclusive, within the Western District of Texas and elsewhere, the Defendants,

ENRIQUE GUAJARDO LOPEZ,
a/k/a "Kiki," a/k/a "Kike,"
JOSE ANTONIO ACOSTA HERNANDEZ,
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
EDUARDO RAVELO,
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
LUIS MENDEZ,
a/k/a "Alex," a/k/a "58,"
ARTURO GALLEGOS CASTRELLON,
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
RICARDO VALLES DE LA ROSA,
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
ALBERTO NUNEZ PAYAN,
a/k/a "Fresa," a/k/a "Fresco," a/k/a "97,"
JOSE GUADALUPE DIAZ DIAZ,
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
MARTIN PEREZ MARRUFO,
a/k/a "Popeye," a/k/a "89,"
LUIS HUMBERTO HERNANDEZ CELIS,
a/k/a "Pac," a/k/a "Pacman," a/k/a "84,"

JOEL ABRAHAM CAUDILLO,
HECTOR GALINDO,
a/k/a "Silent,"
RAMON RENTERIA,
a/k/a "Spook," a/k/a "Spooky,"
ROBERTO ANGEL CARDONA,
a/k/a "Little Angelillo,"
MANNY LOPEZ,
a/k/a "Manolin," a/k/a "Manny,"

32

OMAR LOPEZ,
a/k/a "Pee Wee,"
JESUS ESPINO,
DAVID CONDE,
a/k/a "Chucky,"
JORGE DIAZ,
a/k/a "Payaso," a/k/a "Narizon,"
YOLANDA BARBA CHAVIRA,
a/k/a "Yoli,"
DESIREE GAMBOA CARDONA,
APRIL CARDOZA,
FABIAN RODRIGUEZ,
a/k/a "Shamu," a/k/a "Shamoo,"
TOMAS ROBERTS,
a/k/a "Taz,"
DELIA CERVANTES,
a/k/a "Guera,"
RIGOBERTO FRAGOSO,
a/k/a "Rigo," a/k/a "Peluco,"
ADAM GARCIA,
a/k/a "Bad Boy,"
ALBERT MENDOZA,
a/k/a "Igor,"
CARLOS PEREZ,
a/k/a "Bandit,"
RICARDO GONZALES,
a/k/a "Cuate"
ANGEL RENTERIA,
a/k/a "Primo,"
LORENZO ESPINO,
a/k/a "Lencho," a/k/a "Oso,"
SANTIAGO LUCERO,
a/k/a "Sonny," and
JUAN MANUEL VISCAINO AMARO,
a/k/a "Porky,"

knowingly, and intentionally conspired, combined, confederated, and agreed together, and with

others to the Grand Jury known and unknown, to commit offenses against the United States, in

violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a

controlled substance, which offense involved one kilogram or more of a mixture or substance

containing a detectable amount of heroin, a Schedule II Controlled Substance, with intent to

distribute same, and they conspired to possess a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, with intent to distribute same, and they conspired to possess a controlled substance, which offense involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, with the intent to distribute same.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and 841(b)(1)(A)(i) and (ii) and (vii).

## COUNT THREE
(Conspiracy to Import Heroin, Cocaine and Marijuana)
21 U.S.C. §§ 963, 952, and 960(b)(1)(A), (B), and (G)

The Grand Jury further charges:

19.     Beginning on or about January 1, 2003, and continuing through and including on

or about the date of the return of this Third Superseding Indictment, both dates being

approximate and inclusive, within the Western District of Texas and elsewhere, the Defendants,

ENRIQUE GUAJARDO LOPEZ,
a/k/a "Kiki," a/k/a "Kike,"
JOSE ANTONIO ACOSTA HERNANDEZ,
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
EDUARDO RAVELO,
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
LUIS MENDEZ,
a/k/a "Alex," a/k/a "58,"
ARTURO GALLEGOS CASTRELLON,
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
RICARDO VALLES DE LA ROSA,
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
ALBERTO NUNEZ PAYAN,
a/k/a "Fresa," a/k/a "Fresco," a/k/a "97,"
JOSE GUADALUPE DIAZ DIAZ,
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
MARTIN PEREZ MARRUFO,
a/k/a "Popeye," a/k/a "89,"
LUIS HUMBERTO HERNANDEZ CELIS,
a/k/a "Pac," a/k/a "Pacman," a/k/a "84,"

████████████████████████

JOEL ABRAHAM CAUDILLO,
HECTOR GALINDO,
a/k/a "Silent,"
RAMON RENTERIA,
a/k/a "Spook," a/k/a "Spooky,"
ROBERTO ANGEL CARDONA,
a/k/a "Little Angelillo,"
MANNY LOPEZ,
a/k/a "Manolin," a/k/a "Manny,"

OMAR LOPEZ,
a/k/a "Pee Wee,"
JESUS ESPINO,
DAVID CONDE,
a/k/a "Chucky,"
JORGE DIAZ,
a/k/a "Payaso," a/k/a "Narizon,"
YOLANDA BARBA CHAVIRA,
a/k/a "Yoli,"
DESIREE GAMBOA CARDONA,
APRIL CARDOZA,
FABIAN RODRIGUEZ,
a/k/a "Shamu," a/k/a "Shamoo,"
TOMAS ROBERTS,
a/k/a "Taz,"
DELIA CERVANTES,
a/k/a "Guera,"
RIGOBERTO FRAGOSO,
a/k/a "Rigo," a/k/a "Peluco,"
ALBERT MENDOZA,
a/k/a "Igor,"
ADAM GARCIA,
a/k/a "Bad Boy,"
CARLOS PEREZ,
a/k/a "Bandit,"
RICARDO GONZALES,
a/k/a "Cuate"
ANGEL RENTERIA,
a/k/a "Primo,"
LORENZO ESPINO,
a/k/a "Lencho," a/k/a "Oso,"
SANTIAGO LUCERO,
a/k/a "Sonny," and
JUAN MANUEL VISCAINO AMARO,
a/k/a "Porky,"

knowingly, and intentionally conspired, combined, confederated, and agreed together, and with

others to the Grand Jury known and unknown, to commit offenses against the United States, in

violation of Title 21, United States Code, Section 963, that is to say, they conspired to import

controlled substance, which offense involved one kilogram or more of a mixture or substance

containing a detectable amount of heroin, a Schedule II Controlled Substance, with intent to

distribute same, and they conspired to possess a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, with intent to distribute same, and they conspired to possess a controlled substance, which offense involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, with the intent to distribute same.

All in violation of Title 21, United States Code, Sections 963, 952, and 960(b)(1)(A), (B), and (G).

## COUNT FOUR
(Conspiracy to Launder Monetary Instruments)
18 U.S.C. §§ 1956 (a)(1)(A)(i)(B)(i) and (h)

The Grand Jury further charges:

20.     Beginning on or about January 1, 2003, and continuing through and including on

or about the date of the return of this Third Superseding Indictment, both dates being

approximate and inclusive, within the Western District of Texas and elsewhere, the Defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**ALBERTO NUNEZ PAYAN,**
a/k/a "Fresa," a/k/a "Fresco," a/k/a "97,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pacman," a/k/a "84,"

████████████████

**JOEL ABRAHAM CAUDILLO,**
**HECTOR GALINDO,**
a/k/a "Silent,"
**RAMON RENTERIA,**
a/k/a "Spook," a/k/a "Spooky,"
**MANNY LOPEZ,**
a/k/a "Manolin," a/k/a "Manny,"
**OMAR LOPEZ,**
a/k/a "Pee Wee,"

**JESUS ESPINO,**
**DAVID CONDE,**
a/k/a "Chucky,"
**JORGE DIAZ,**
a/k/a "Payaso," a/k/a "Narizon,"
**YOLANDA BARBA CHAVIRA,**
a/k/a "Yoli,"
**DESIREE GAMBOA CARDONA,**
**APRIL CARDOZA,**
**FABIAN RODRIGUEZ,**
a/k/a "Shamu," a/k/a "Shamoo,"
**TOMAS ROBERTS,**
a/k/a "Taz,"
**DELIA CERVANTES,**
a/k/a "Guera,"
**RIGOBERTO FRAGOSO,**
a/k/a "Rigo," a/k/a "Peluco,"
**ALBERT MENDOZA,**
a/k/a "Igor,"
**ADAM GARCIA,**
a/k/a "Bad Boy,"
**CARLOS PEREZ,**
a/k/a "Bandit,"
**RICARDO GONZALES,**
a/k/a "Cuate"
**ANGEL RENTERIA,**
a/k/a "Primo,"
**LORENZO ESPINO,**
a/k/a "Lencho," a/k/a "Oso,"
**SANTIAGO LUCERO,**
a/k/a "Sonny," and
**JUAN MANUEL VISCAINO AMARO,**
a/k/a "Porky,"

knowingly and intentionally conspired, combined, confederated and agreed together with each

other and others known and unknown to the Grand Jury, to commit offenses against the United

States, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i), that is

to say they conspired to conduct and attempt to conduct a financial transaction, affecting

interstate and foreign commerce, knowing that the property in the financial transaction

represented the proceeds of some form of unlawful activity, to-wit; conspiracy to obtain

monetary instruments by extortion, having been induced by the wrongful use of actual and threatened force, violence and fear and conspiracy to possess with the intent to distribute a controlled substance, and did so with the intent to promote the carrying on of the specific unlawful activity, and knowing that the financial transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i)(B)(i) and (h).

**COUNT FIVE**
(Conspiracy to Kill Persons in a Foreign Country)
18 U.S.C. § 956(a)(1)

The Grand Jury further charges:

21.     The allegations set forth in Paragraphs 1 through 11 and 15(a) through 15(qqqq)

of this Third Superseding Indictment are hereby realleged and incorporated by reference as if

fully set forth herein.

22.     From on or about March 1, 2010, and continuing up to and including on or about

March 13, 2010, in the Western District of Texas and elsewhere, the defendants,

**ENRIQUE GUAJARDO LOPEZ,**
**a/k/a "Kiki," a/k/a "Kike,"**
**JOSE ANTONIO ACOSTA HERNANDEZ,**
**a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"**
**EDUARDO RAVELO,**
**a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"**
**a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"**
**a/k/a "Boards," a/k/a "56,"**
**LUIS MENDEZ,**
**a/k/a "Alex," a/k/a "58,"**
**ARTURO GALLEGOS CASTRELLON,**
**a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"**
**a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"**
**RICARDO VALLES DE LA ROSA,**
**a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"**
**JOSE GUADALUPE DIAZ DIAZ,**
**a/k/a "Zorro," a/k/a "79," a/k/a "80,"**
**MARTIN PEREZ MARRUFO,**
**a/k/a "Popeye," a/k/a "89,"**
**LUIS HUMBERTO HERNANDEZ CELIS,**
**a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"**

knowingly combined, conspired, confederated, and agreed together, and with others known and

unknown to the Grand Jury, within the jurisdiction of the United States, to kill Leslie Ann

Enriquez Catton, Arthur Redelfs, and Jorge Alberto Salcido Ceniceros in Ciudad Juarez,

41

Chihuahua, Mexico, which act would constitute the offense of murder, in violation of Title 18, United States Code, Section 1111, if committed in the special maritime and territorial jurisdiction of the United States, and a co-conspirator did commit an act within the jurisdiction of the United States to affect an object of the conspiracy.

All in violation of Title 18, United States Code, Section 956(a)(1).

**COUNT SIX**
(Murder Resulting From the Use and Carrying of Firearms
During and in Relation to Crimes of Violence and Drug Trafficking)
18 U.S.C. §§ 924(c), (j) and 2

The Grand Jury further charges:

23.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the

defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"

together with others known and unknown to the Grand Jury, did knowingly carry, use, and

discharge firearms during and in relation to crimes of violence and drug trafficking for which

they may be prosecuted in a court of the United States, that is, Conspiracy to Commit

Racketeering Activity, Conspiracy to Distribute and Possess with the Intent to Distribute

Controlled Substances, Conspiracy to Import Control Substances and Conspiracy to Kill a

Person in a Foreign Country, as set forth in Counts One through Three, and Five, respectively, of

this Third Superseding Indictment, causing the death of a person through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendants, with malice aforethought, unlawfully killed a human being, that is, Leslie Ann Enriquez Catton, willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c), (j) and 2.

## COUNT SEVEN
(Murder Resulting From the Use and Carrying of Firearms
During and in Relation to Crimes of Violence and Drug Trafficking)
18 U.S.C. §§ 924(c), (j) and 2

The Grand Jury further charges:

24.     On or about March 13, 2010, in the Western District of Texas and elsewhere, the

defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"

████████████████████████

together with others known and unknown to the Grand Jury, did knowingly carry, use, and

discharge firearms during and in relation to crimes of violence and drug trafficking for which

they may be prosecuted in a court of the United States, that is, Conspiracy to Commit

Racketeering Activity, Conspiracy to Distribute and Possess with the Intent to Distribute

Controlled Substances, Conspiracy to Import Control Substances and Conspiracy to Kill a

Person in a Foreign Country, as set forth in Counts One through Three, and Five, respectively, of

this Third Superseding Indictment, causing the death of a person through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendants, with malice aforethought, unlawfully killed a human being, Arthur Redelfs, willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c), (j) and 2.

## COUNT EIGHT
(Murder Resulting From the Use and Carrying of Firearms
During and in Relation to Crimes of Violence and Drug Trafficking)
18 U.S.C. §§ 924(c), (j) and 2

The Grand Jury further charges:

25.     On or about March 13, 2010, in the Western District of Texas and elsewhere, the

defendants,

**ENRIQUE GUAJARDO LOPEZ,**
**a/k/a "Kiki," a/k/a "Kike,"**
**JOSE ANTONIO ACOSTA HERNANDEZ,**
**a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"**
**EDUARDO RAVELO,**
**a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"**
**a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"**
**a/k/a "Boards," a/k/a "56,"**
**LUIS MENDEZ,**
**a/k/a "Alex," a/k/a "58,"**
**ARTURO GALLEGOS CASTRELLON,**
**a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"**
**a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"**
**RICARDO VALLES DE LA ROSA,**
**a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"**
**JOSE GUADALUPE DIAZ DIAZ,**
**a/k/a "Zorro," a/k/a "79," a/k/a "80,"**
**MARTIN PEREZ MARRUFO,**
**a/k/a "Popeye," a/k/a "89,"**
**LUIS HUMBERTO HERNANDEZ CELIS,**
**a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"**

together with others known and unknown to the Grand Jury, did knowingly carry, use, and

discharge firearms during and in relation to crimes of violence and drug trafficking for which

they may be prosecuted in a court of the United States, that is, Conspiracy to Commit

Racketeering Activity, Conspiracy to Distribute and Possess with the Intent to Distribute

Controlled Substances, Conspiracy to Import Control Substances and Conspiracy to Kill a

Person in a Foreign Country, as set forth in Counts One through Three, and Five, respectively, of

this Third Superseding Indictment, causing the death of a person through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendants, with malice aforethought, unlawfully killed a human being, that is, Jorge Alberto Salcido Ceniceros, willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c), (j) and 2.

**COUNT NINE**
(Murder in Aid of Racketeering Activity)
18 U.S.C. §§ 1959(a)(1) and 2

The Grand Jury further charges:

26.     Beginning on or about January 1, 2003, and continuing through and including on or about the date of the return of this Third Superseding Indictment, both dates being approximate and inclusive, the Barrio Azteca, as more fully described in Paragraphs 1 through 11 of this Third Superseding Indictment, which are realleged and incorporated by reference as if fully set forth herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Barrio Azteca enterprise, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

27.     At all times relevant to this Third Superseding Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts indictable under Title 18, United States Code, Section 956(a)(1) (conspiracy to kill persons in a foreign country) acts indictable under Title 18, United States Code, Section 1512 (obstruction of justice), acts in violation of Title 18, United States Code, Section 1513 (retaliation against a person providing information to the United States law enforcement), acts indictable under Title 18, United States Code, Section 1956(h) (conspiracy to launder monetary instruments), and acts indictable under Title 21, United States Code, Sections 846 and 963 (conspiracies to traffic drugs).

28.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"

together with others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in the Barrio Azteca, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Leslie Ann Enriquez Catton, in violation of Title 18, United States Code, Section 924(j).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

**COUNT TEN**
(Murder in Aid of Racketeering Activity)
18 U.S.C. §§ 1959(a)(1) and 2

The Grand Jury further charges:

29.    The allegations set forth in Paragraphs 26 and 27 of this Third Superseding

Indictment are realleged and incorporated by reference as if fully set forth herein.

30.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the

defendants,

**ENRIQUE GUAJARDO LOPEZ,**
a/k/a "Kiki," a/k/a "Kike,"
**JOSE ANTONIO ACOSTA HERNANDEZ,**
a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"
**EDUARDO RAVELO,**
a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"
a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"
a/k/a "Boards," a/k/a "56,"
**LUIS MENDEZ,**
a/k/a "Alex," a/k/a "58,"
**ARTURO GALLEGOS CASTRELLON,**
a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"
a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"
**RICARDO VALLES DE LA ROSA,**
a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"
**JOSE GUADALUPE DIAZ DIAZ,**
a/k/a "Zorro," a/k/a "79," a/k/a "80,"
**MARTIN PEREZ MARRUFO,**
a/k/a "Popeye," a/k/a "89,"
**LUIS HUMBERTO HERNANDEZ CELIS,**
a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"

together with others known and unknown to the Grand Jury, for the purpose of maintaining and

increasing position in Barrio Azteca, an enterprise engaged in racketeering activity, unlawfully

and knowingly murdered Arthur Redelfs, in violation of Title 18, United States Code, Section

924(j).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT ELEVEN
(Murder in Aid of Racketeering Activity)
18 U.S.C. §§ 1959(a)(1) and 2

The Grand Jury further charges:

31.    The allegations set forth in Paragraphs 26 and 27 of this Third Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

32.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the defendants,

**ENRIQUE GUAJARDO LOPEZ,**
**a/k/a "Kiki," a/k/a "Kike,"**
**JOSE ANTONIO ACOSTA HERNANDEZ,**
**a/k/a "Diego," a/k/a "Dienton," a/k/a "Diez," a/k/a "Bablazo,"**
**EDUARDO RAVELO,**
**a/k/a "Tablas," a/k/a "Tablero," a/k/a "T-Blas,"**
**a/k/a "2x4," a/k/a "Blas," a/k/a "Lumberman,"**
**a/k/a "Boards," a/k/a "56,"**
**LUIS MENDEZ,**
**a/k/a "Alex," a/k/a "58,"**
**ARTURO GALLEGOS CASTRELLON,**
**a/k/a "Benny," a/k/a "Farmero," a/k/a "51,"**
**a/k/a "Guero," a/k/a "Pecas," a/k/a "Tury," a/k/a "86,"**
**RICARDO VALLES DE LA ROSA,**
**a/k/a "Chino," a/k/a "Come Arroz," a/k/a "99,"**
**JOSE GUADALUPE DIAZ DIAZ,**
**a/k/a "Zorro," a/k/a "79," a/k/a "80,"**
**MARTIN PEREZ MARRUFO,**
**a/k/a "Popeye," a/k/a "89,"**
**LUIS HUMBERTO HERNANDEZ CELIS,**
**a/k/a "Pac," a/k/a "Pak," a/k/a "Pacman," a/k/a "84,"**

together with others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in Barrio Azteca, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Jorge Alberto Salcido Ceniceros, in violation of Title 18, United States Code, Section 924(j).

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWELVE
(Obstruction of Justice)
18 U.S.C. § 1512(c)(1)

The Grand Jury further charges:

33.    On or about March 13, 2010, in the Western District of Texas and elsewhere, the defendant,

**JOEL ABRAHAM CAUDILLO,**

together with others known and unknown to the Grand Jury, corruptly destroyed, mutilated, and concealed objects, and attempted to do so, with the intent to impair the objects' integrity and availability for use in an official proceeding, by burning a vehicle used in the murder of Jorge Alberto Salcido Ceniceros as described in Counts One, Five, Eight and Eleven above.

In violation of Title 18, United States Code, Section 1512(c)(1).

## CRIMINAL FOREITURE ALLEGATIONS

34.    The allegations contained in Count One of this Indictment/Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant Title 18, United States Code, Section 1963.

35.    Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962, the defendants named in Count One shall forfeit to the United States of America:

a)    any interest acquired or maintained in violation of section 1962;

b)    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

c)    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 1962 (or a sum of money representing the total amount of gross proceeds obtained as a result of the racketeering activity, for which the defendants are jointly and severally liable).

36.    If any of the property described above, as a result of any act or omission of one or more of the defendants:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m).

37.    The allegations contained in Counts Two and Three of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

38.    Pursuant to Title 21, United States Code, Section 853, upon conviction of Count Two of this Third Superseding Indictment, the defendants named in Count Two shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses (or a sum of money representing the total amount of proceeds obtained as a result of the drug trafficking activity, for which the defendants are jointly and severally liable) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

39.    Pursuant to Title 21, United States Code, Section 853, upon conviction Count Three of this Third Superseding Indictment, the defendants named in Count Three shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses (or a sum of money representing the total amount of proceeds obtained as a result of the drug trafficking activity, for which the defendants are jointly and severally liable) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

40.    If any of the property described above in paragraphs 37 and 38, as a result of any act or omission of one or more of the defendants:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

41.    The allegations contained in Count Four of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

42.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of Count Four of this Third Superseding Indictment, the defendants named in Count Four, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property (or a sum of money representing the property involved in or traceable to such offense, for which the defendants are jointly and severally liable).

43.    If any of the property described above in paragraph 41, as a result of any act or omission of one or more of the defendants:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____

FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
UNITED STATES ATTORNEY


George Leal
Assistant United States Attorney

LANNY A. BREUER
ASSISTANT ATTORNEY GENERAL


Brian D. Skaret
Trial Attorney
United States Department of Justice
Criminal Division, Human Rights and
Special Prosecutions Section


Joseph A. Cooley
Trial Attorney
United States Department of Justice
Criminal Division, Gang Unit