**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ARTURO GALLEGOS CASTRELLON,** | § | |
| **Reg. No. 86139-080,** | § | |
| **Movant,** | § | |
| | § | **CAUSE NO. EP-22-CV-80-KC** |
| **v.** | § | **CAUSE NO. EP-10-CR-2213-KC-5** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Arturo Gallegos Castrellon challenges his sentences through a <u>pro se</u> motion under 28

U.S.C. § 2255. Mot. to Vacate, ECF No. 2127.[1] His motion is denied because his claims are

untimely, without merit, or procedurally barred.

**BACKGROUND AND PROCEDURAL HISTORY**

Castrellon is a 43-year-old federal inmate serving consecutive life sentences at the United

States Penitentiary in Florence, Colorado. <u>See</u> Federal Bureau of Prisons, Find and Inmate,

https://www.bop.gov/inmateloc/ (search for Reg. No. 86139-080) (last visited March 10, 2022).

Castrellon was a lieutenant in a transnational criminal organization—called the Barrio

Azteca—which engaged in drug trafficking, extortion, racketeering, kidnapping, murder, and

money-laundering. <u>United States v. Castrellon</u>, 636 F. App'x 204, 205 (5th Cir. 2016). He

supported the Barrio Azteca's ongoing war with a rival drug cartel by organizing assassination

teams in Juarez, Mexico. <u>Id</u>. He received information on potential targets in Juarez from Barrio

Azteca operatives in El Paso, Texas. <u>Id</u>.

---

[1] "ECF No." refers to the Electronic Case Filing (ECF) number for documents docketed in EP-
10-CR-2213-KC-5. Where a discrepancy exists between page numbers on filed documents and
page numbers assigned by the ECF system, the Court will use the latter page numbers.

On March 31, 2010, Castrellon ordered a hit team to assassinate the occupants of a white Honda Pilot with Texas license plates while they were in Mexico. Id. He suspected members of a rival gang had used the vehicle to follow him. Id.

Castrellon's hit team located two similar vehicles with Texas license plates in Juarez at a birthday party attended by United States Consulate employees. Id. Castrellon' team complied with his order, riddled both vehicles with bullets, and killed three people—Consulate employee Leslie Ann Enriquez Catton, her husband Arthur Redelfs, and Jorge Alberto Salcido Ceniceros. Id.

Castrellon was arrested by Mexican authorities and transferred to the United States. Id. He was indicted for conspiring to conduct the affairs of an enterprise through a pattern of racketeering, in violation of 18 U.S.C. §§ 1962 and 1963 (Count One); conspiring to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841 (Count Two); conspiring to import heroin, cocaine, and marijuana, in violation of 21 U.S.C. §§ 963 and 960 (Count Three); conspiring to launder monetary instruments, in violation of 18 U.S.C. § 1956 (Count Four); conspiring to kill persons in a foreign country, in violation of 18 U.S.C. § 956 (Count Five); murder resulting from the use and carrying of a firearm during and in relation to crimes of violence (COV) and drug trafficking, in violation of 18 U.S.C. §§ 924 and 2 (Counts Six, Seven, and Eight); and murder in aid of a racketeering activity, in violation of 18 U.S.C. §§ 1959 and 2 (Counts Nine, Ten, and Eleven). Third Superseding Indictment, ECF No. 930. He was convicted by a jury on all counts. J. Crim. Case, ECF No. 1388. He was sentenced to concurrent terms of life in prison on Counts One, Two, Three, Five, Nine, Ten, and Eleven; consecutive terms of life in prison on Counts Six, Seven, and Eight; and a concurrent term of 240 months' imprisonment on Count Four. Id.

Castrellon appealed the conviction on Count Five—conspiracy to commit murder in a foreign country in violation of 18 U.S.C. § 956. Castrellon, 636 F. App'x 204. He argued "the evidence was insufficient to establish two essential elements of the offense: no conspirator performed an overt act in the United States, and no conspirator was in the United States at the time he conspired." Id. His arguments were rejected, and his conviction was affirmed by the Fifth Circuit Court of Appeals on January 8, 2016. Id. at 207.

Castrellon makes four new claims in his § 2255 motion. Mot. to Vacate, ECF No. 2127. First, he alleges that the following domestic laws have no extraterritorial applicability:

(1) conspiracy to conduct the affairs of an enterprise through a pattern of racketeering, in violation of 18 U.S.C. §§ 1962 and 1963 (Count One),[2]

(2) conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841 (Count Two),[3]

(3) conspiracy to import heroin, cocaine, and marijuana, in violation of 21 U.S.C. §§ 963 and 960 (Count Three),[4]

(4) murder resulting from the use and carrying of a firearm during and in relation to COV and drug trafficking, in violation of 18 U.S.C. §§ 924 and 2 (Counts Six, Seven, and Eight), and

(5) murder in aid of a racketeering activity, in violation of 18 U.S.C. §§ 1959 and 2 (Counts Nine, Ten, and Eleven).

---

[2] But see RJR Nabisco, Inc. v. Eur. Cmty., 579 U.S. 325, 339 (2016) ("[A] violation of § 1962 . . . premised on a pattern of killings of Americans abroad . . . applies extraterritorially—whether or not any domestic predicates are also alleged.").

[3] But see United States v. Vasquez, 899 F.3d 363, 376 (5th Cir. 2018), as revised (Aug. 24, 2018) ("This court has held that § 841(a)(1) applies extraterritorially 'so long as it is clear that the intended distribution would occur within the territorial United States.'") (quoting United States v. Baker, 609 F.2d 134, 139 (5th Cir. 1980)).

[4] But see United States v. Perez-Herrera, 610 F.2d 289, 291 (5th Cir. 1980) ("Congress intended that the prohibition of attempts to import drugs should apply to attempts made wholly outside of our borders.").

Id. at 4–13. Second, he observes that the Supreme Court declared in United States v. Davis, 139 S. Ct. 2319 (2019), that the residual clause of 18 U.S.C. §§ 924(c)—which defines a COV as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—was void for vagueness. Id. at 15. He argues that, based on Davis, murder is not a COV. Id. And he contends that he was therefore unconstitutionally convicted on Counts Six, Seven, and Eight—murder resulting from the use and carrying of a firearm during and in relation to a COV and drug trafficking, in violation of 18 U.S.C. §§ 924 and 2. Id. Third, he maintains that he was "unconstitutionally convicted" on Count One—conspiring to conduct the affairs of an enterprise through a pattern of racketeering, in violation of 18 U.S.C. §§ 1962 and 1963.  Id. at 24. He reasons that "8 U.S.C. § 1962(c) is no longer a crime of violence after . . . Davis. Id. at 24. Finally, he contends that the Court erred when it "improperly enhanced [the] maximum sentence under the 'notice of special sentencing factors.'"[5] Id. at 28. He asks that "the Court to set aside this void judgment for lack of jurisdiction, and violation of procedural due process per 5th Amendment." Id. at 44.

## APPLICABLE LAW

Title 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). It identifies only four grounds on which a movant may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to

---

[5] But see United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, it does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citing United States v. Kastenbaum, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Upon receiving a § 2255 motion, the reviewing court must first conduct a preliminary review, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the court determines the motion raises a non-frivolous claim to relief, it must order the Government to file a response or to take other appropriate action. Id. The court may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Id. Rules 6–7.

## ANALYSIS

### A.  Limitations

A § 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f). A motion must be filed within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States

Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the movant could have discovered, through due diligence, the factual predicate for the motion. Id.

The one-year limitations period is not jurisdictional and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). It "is permitted only 'in rare and exceptional circumstances.'" Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'" Id. (quoting Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). But "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" Id. at 715 n.14 (quoting Pacheco v. Rice, 966 F.2d 904, 906–07 (5th Cir. 1992)).

The movant has the burden of proving that he is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. Lawrence v. Florida, 549 U.S. 327, 336 (2007).

Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. Cousin, 310 F.3d at 848.

6

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 524 (2003). A judgment becomes final when the applicable period for seeking direct review expires. Clay, 537 U.S. 522 at 525; United States v. Gamble, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Castrellon's conviction was affirmed by the Fifth Circuit Court of Appeals on January 8, 2016. Castrellon, 636 F. App'x at 207. He did not file a petition for a writ of certiorari in the Supreme Court. As a result, his conviction became final on April 7, 2016, when the ninety-day period for filing a petition for a writ of certiorari expired. See Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). Consequently, Castrellon' time for filing a § 2255 motion within one year after his conviction became final expired on April 7, 2017.

The Court deems Castrellon's § 2255 motion filed on February 25, 2022—the day he signed and presumably placed it in the prison mail system. Mot. to Vacate 44, ECF No. 2127; see United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir.1998)).  The Court finds that Castrellon's filing occurred nearly six years after his conviction became final.

Castrellon does not assert a government-created impediment prevented him from timely filing his motion. 28 U.S.C. § 2255(f)(2). He also does not claim he recently discovered the factual predicate for his § 2255 motion. Id. § 2255(f)(4).

Castrellon does suggest that his motion is timely because the Supreme Court initially recognized the legal predicate for his motion and made it retroactively applicable to cases on collateral review within the past year. Id. § 2255(f)(3). He relies on the holding in United States v. Davis, 139 S. Ct. 2319 (2019). Mot. to Vacate 15, ECF No. 2127. He argues, based on Davis, that he was unconstitutionally convicted on Counts Six, Seven, and Eight—murder resulting from the use and carrying of a firearm during and in relation to a COV and drug trafficking, in violation of 18 U.S.C. §§ 924 and 2—because murder is no longer a COV under the residual clause of 18 U.S.C. §§ 924(c). Id.

There is no need to reach the residual clause issue because § 924(c) contains both an "elements clause" and a "residual clause":

> Section 924(c) subjects to criminal liability "any person who, during and in relation to any [COV] ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Section 924(c) offenses do not stand alone— they require a predicate COV. The statute contains two clauses defining COV. The first, the so-called "elements clause," defines a COV as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second, the so-called "residual clause," defines a COV as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

United States v. Reece, 938 F.3d 630, 632 (5th Cir. 2019), as revised (Sept. 30, 2019). Murder plainly satisfies the elements clause of § 924(c)(3). See United States v. Smith, 957 F.3d 590, 594 (5th Cir.), cert. denied, 141 S. Ct. 828 (2020) ("federal murder, 18 U.S.C. § 1111, . . . has an element the use of physical force."). Hence, Davis is not applicable to Castrellon's case.

Additionally, it is not clear that Davis is retroactively applicable to any cases on collateral review. In re Hall, 979 F.3d 339, 342 (5th Cir. 2020). Indeed, "at least . . . four Justices of the Supreme Court . . . have made clear that rulings such as Davis are not automatically retroactive,

and thus must be made retroactive by the Supreme Court in a future case to comply with provisions such as 28 U.S.C. § 2255(h)(2)." Id.

Furthermore, the Court observes the Supreme Court decided Davis on June 24, 2019— and Castrellon submitted his § 2255 motion more than two years and eight months later, on February 25, 2022. Davis, 139 S. Ct. 2319; Mot. to Vacate 44, ECF No. 2127.

Thus, Castrellon did not file his motion within one year from the date on which "the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion." 28 U.S.C. § 2255(f).

To qualify for equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (citation omitted).

Castrellon does not identify external factors beyond his control which caused his delay. Instead, he maintains the Court lacked subject matter jurisdiction because the laws he violated were not applicable to individuals like him who lived and worked outside the territory of the United States. Mot. to Vacate 34, ECF No. 2127.  He argues "a void judgment can be challenged at any time." Id.

A movant may clearly obtain § 2255 relief where "the sentencing court was without jurisdiction to impose the sentence." Seyfert, 67 F.3d at 546. But a movant must still bring his jurisdictional claim within one year of "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Furthermore, Castrellon falls far short of exhibiting reasonable diligence in challenging his sentence. Indeed, Castrellon does not show in his motion "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. <u>Lawrence</u>, 549 U.S. at 336.

The Court accordingly finds that the four statutory limitations periods have run. It further finds that Castrellon is not entitled to equitable tolling and his claims are time barred.

The Court additionally finds that Castrellon's second and third claims based on the Supreme Court's holding in <u>Davis</u> are without merit. And his first claim—the domestic laws he was accused of violating have no extraterritorial applicability—and his fourth clam—the Court erred when it enhanced his sentence—are procedurally barred.

### B. Procedural Bar

A § 2255 motion is not a substitute for a direct appeal. <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231 (5th Cir. 1991). Generally, a § 2255 motion may not be used to raise issues—other than ineffective assistance of counsel—that could have been raised on direct appeal. <u>United States v. Willis</u>, 273 F.3d 592, 595 (5th Cir. 2001). Specifically, a § 2255 motion may be used to raise issues of jurisdictional or constitutional magnitude for the first time only if the movant (1) demonstrates "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) shows that he is "actually innocent" of the crime for which he was convicted. <u>United States v. Torres</u>, 163 F.3d 909, 911 (5th Cir. 1999).

The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996). If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. <u>United States v. Drobny</u>, 955 F.2d 990, 994–95 (5th Cir. 1992). The "cause" standard requires the petitioner to show that "some objective factor external

10

to the defense" prevented him from timely raising the claims he now advances. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include (1) interference by officials that make compliance with the procedural rule impracticable, (2) a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and (3) ineffective assistance of counsel in the constitutional sense. <u>Id</u>. The actual prejudice standard more than a "mere possibility of prejudice," and a movant must instead "'shoulder the burden of showing . . . that the errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Shaid</u>, 937 F.2d at 231 (quoting <u>Frady</u>, 456 U.S. at 170).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). To establish actual innocence, a movant must demonstrate—considering all the evidence—that it is more likely than not that no reasonable juror would have convicted him. <u>Id</u>. (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 327–28 (1995)).

Castrellon clearly did not raise any of the four issues in his § 2255 motion before the Fifth Circuit. He has neither shown cause for his failure to timely pursue and appeal these issues nor has he shown that he would suffer prejudice if the Court applied the default in this case. Consequently, he cannot overcome his procedural default. Further, Castrellon has not shown that he did not commit the crimes of conviction—he merely asserts the laws he violated were not applicable to him because he was in Mexico. As a result, he may not avail himself of the factual innocence exception to the procedural default rule.

For these reasons, the Court finds that Castrellon's first and fourth claims must be dismissed due to his procedural default.

## CERTIFICATE OF APPEALABILITY

11

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects a movant's constitutional claims on the merits. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects a movant's claims solely on procedural grounds. Slack, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Castrellon's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. Miller El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes that it plainly appears from Castrellon's motion and the record of the prior proceeding that his claims are untimely, without merit, or procedurally barred. It further concludes Castrellon is not entitled to a certificate of appealability. It accordingly enters the following orders:

**IT IS ORDERED** that Castrellon's <u>pro se</u> "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 2127) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Castrellon is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 17th day of March, 2022.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE